IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV356-03-MU

| | |
|---|---|
| RANDY LEE HAMMITT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES PROBATION OFFICE; )<br>D. MARK HALL; JAMES KENT )<br>)<br>Respondents. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Document No. 1 ) filed August 21, 2007.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2002 the United States Bankruptcy Court filed a Certification of Contempt and an Order recommending Withdrawal of Reference. The bankruptcy court's Recommendation revealed that Mr. Hammitt was held in civil contempt for failing to respond to the court's subpoenas duces tecum served on September 12, 2002 and again on September 25, 2002. The subpoenas required Mr. Hammitt to produce documents substantiating his claim that he provided consideration in exchange for Debtor's deeds of trust. Mr. Hammitt returned copies of the subpoenas with the stamped notation "Refused for Fraud."

On January 7, 2003, after reviewing the bankruptcy court's Certification and Recommendation, this Court withdrew reference to the pending contempt proceeding from the bankruptcy court in accordance with 28 U.S.C. § 157(d). (See, Document No. 1 3:03cv14.) On

1

February 19, 2004, the Court received a letter advising of Mr. Hammitt's continued failure to comply with the bankruptcy court's orders.

On February 25, 2004 this Court issued an Order setting a hearing for March 25, 2004 and directed Mr. Hammitt to appear and show cause why he should not be held in criminal contempt pursuant to Rule 42 of the Federal Rules of Criminal Procedure. Mr. Hammitt failed to appear and the Court re-set the show cause hearing to April 27, 2004. Again, Mr. Hammitt failed to appear. As a result of Mr. Hammitt's repeated and willful disregard for the Order of this Court, the Court issued a bench warrant as to Mr. Hammitt.

On May 17, 2004 this Court notified Mr. Hammitt that a criminal contempt hearing would be held pursuant to Federal Rule of Criminal Procedure 42 to address his repeated and willful disregard for the orders of this Court. The criminal contempt trial was scheduled for May 27, 2004. Mr. Hammitt represented himself at the trial despite the Court's offer to appoint counsel. Mr. Hammitt had opportunity to cross-examine witnesses testifying against him and was given the opportunity to have witnesses testify on his behalf. At the close of the evidence, the Court found Mr. Hammitt guilty of criminal contempt and, after numerous delays, sentenced Mr. Hammitt on October 25, 2006 to one year probation with six months home detention. Petitioner made several oral motions for a directed verdict which were orally denied. (See Docket sheet entries 3:04cr142 dated May 27, 2004.) Petitioner then filed a Motion to Vacate which this Court construed as a Motion for Judgment of Acquittal and denied such motion by Order dated June 15, 2004 (Document No. 12, 3:04cr142.)

After the criminal contempt hearing, but before he was sentenced, Petitioner filed a notice of appeal in the Fourth Circuit Court of Appeals of this Court's Order for criminal contempt and on

December 20, 2004 the Fourth Circuit found no reversible error and affirmed this Court's decision. (Document No. 16, 3:04cr142.)

On January 22, 2007 Mr. Hammitt then filed a Petition pursuant to 28 U.S.C. § 2241 asking for relief from "custody" based on a judgment of conviction on May 25, 2004 and a sentence imposed on October 25, 2006 for criminal contempt without subject matter jurisdiction over him. (Document No. 1, 3:07cv65.) On February 14, 2007 this Court dismissed Petitioner's petition for lack of subject matter jurisdiction and alternatively this Court denied Petitioner's petition because he failed to raise any meritorious claims (Id., Document No. 3.). The Fourth Circuit Court of Appeals issued an unpublished opinion holding that this Court did have jurisdiction over Petitioner's petition but that Petitioner failed to establish any proper grounds for relief pursuant to § 2241. (Id. Document No. 9.) Petitioner filed the instant motion pursuant to § 2255 challenging the legality of his sentence imposed on October 25, 2006 because (1) this Court lacked jurisdiction to hear his case and (2) the district court proceedings were time barred by the statute of limitations under 18 U.S.C. § 3285.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's motion and the record of criminal proceedings. The Court finds that such review clearly establishes the Petitioner is not

3

entitled to any relief on his claims. Therefore, Petitioner's motion shall be dismissed.

## II. ANALYSIS

### A. Jurisdictional Argument

Petitioner claims that this Court had no jurisdiction as to the subject matter of the Bankruptcy Court and its proceedings, and as a result this Court did not have jurisdiction to conduct a trial or sentence Petitioner. Petitioner has raised this issue on previous occasions to no avail and is simply incorrect.[1] As stated above, On December 16, 2002 the United States Bankruptcy Court filed a Certification of Contempt and an Order recommending Withdrawal of Reference due to Petitioner's failure to appear in connection with the bankruptcy proceedings. This Court withdrew its reference pursuant to 28 U.S.C. § 157(d). On February 25, 2004 this Court issued an Order setting a hearing for March 25, 2004 and directed Mr. Hammitt to appear and show cause why he should not be held in criminal contempt pursuant to Rule 42 of the Federal Rules of Criminal Procedure. The jurisdiction of this Court is clear. Title 28 U.S.C. § 157 initially provided this Court with the authority to withdraw the reference to the bankruptcy court. Thereafter, Petitioner was given notice that he should appear in this Court and show cause as to why he should not be held in criminal contempt pursuant to Rule 42.. Petitioner failed to appear in this Court which allowed the Court to issue a warrant for Petitioner's arrest. A district court possesses jurisdiction to enforce its orders with contempt proceedings. See 18 U.S.C. § 401; Cromer v. Kraft Foods North America, 390 F.3d

---

[1] Indeed, in his motion pursuant to § 2241, Petitioner alleged that the bankruptcy court in the underlying matter never had jurisdiction over him because the subpoena was incorrectly served. Petitioner has made this assertion before and this Court has explained that even if Mr. Hammitt were correct as to the underlying jurisdiction of the bankruptcy court, the criminal contempt proceeding is an independent criminal action and dismissal of the underlying case has no bearing on the criminal charges. (Document No. 27, April 13, 2006 Order.)

812, 820 (4th Cir. 2004).

Furthermore, it is unclear whether Petitioner raised this issue on appeal.[2] Petitioner did file an appeal with the Fourth Circuit Court of Appeals after the criminal contempt hearing, but before he was sentenced. The Fourth Circuit found no reversible error and affirmed this Court's decision. (Document No. 16, 3:04cr142.) If Petitioner did raise the claim on direct appeal, then the issue has already been decided by the Fourth Circuit and as such, Petitioner is not free to re-litigate claims which were already rejected on direct review. See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. Denied, 429 U.S. 863 (1976). To the extent that Petitioner did not raise the jurisdictional argument in his appeal, the issue is not cognizable in a 2255 motion. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts unless the petitioner demonstrates "cause" excusing his procedural default in failing to raise the errors of which he complains. United States v. Lardrum, 93 F.3d 122, 124-25 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." Id. at 622. Petitioner offers no evidence to establish "cause and actual prejudice" or that he is innocent of the charges: therefore, his claim that this Court was without jurisdiction in the underlying criminal contempt proceedings is not cognizable under 28 U.S.C. § 2255.

---

[2] The Court is aware that Petitioner did raise this jurisdictional issue in the form of an emergency stay of the proceedings. By Order dated May 14, 2004 the Fourth Circuit explained that the criminal contempt proceeding is a "separate and independent proceeding" and is "not a part of " the case in which the violated order was issued. Bray v. united States, 423 U.S. 73, 75 (1925).

In any event, as stated above, this Court had jurisdiction to withdraw the bankruptcy referral and to begin criminal contempt proceedings. Therefore Petitioner's claim that this Court lacked jurisdiction in the underlying criminal case is denied.

**B. Statute of Limitations Argument**

Mr. Hammitt argues that this Court's proceedings were time barred by the statute of limitations under 18 U.S.C. § 3285, which states in relevant part, "No proceedings for criminal contempt within Section 402 of this title shall be instituted against any person . . . unless begun within one year of from the date of the act complained of."

It is not clear whether Petitioner raised this issue in his appeal filed in the Fourth Circuit Court of Appeals after he was held in criminal contempt but prior to his sentencing. To the extent that Petitioner did raise the issue on direct appeal, the Fourth Circuit affirmed this Court's imposition of criminal contempt against Petitioner, thereby concluding by implication that Petitioner's claim has no merit. See Davis v. United States, 417 U.S. 333, 342 (1974); Boechenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert denied, 429 U.S. 863 (1976) (Petitioner is not free to re-litigate claims which were already rejected on direct review). To the extent that he did not raise this issue, it not now cognizable on habeas review. Bousely v. United States, 523 U.S. 614, 621 (1998), unless Petitioner can show cause demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." Id. at 622. Petitioner offers no evidence to establish "cause and actual prejudice" or that he is innocent of the charges: therefore, his claim that this Court's proceeding were time barred under the statute of limitations is not cognizable under 28 U.S.C. § 2255.

However, in an abundance of caution, the Court has considered Petitioner's claim and concludes that it is without merit and should be denied. First, Mr. Hammitt failed to raise this issue

6

of the statute of limitations at trial, thereby waiving the defense. See United States v. Williams, 684 F.2d 296 (4th Cir. 1982) ("Statute of limitations . . . is an affirmative defense that may be waived"; United States v. Wild, 551 F.2d 418 (D.C.Cir. 1977) ("Statute of limitations is not a jurisdictional bar, but mere affirmative defense"); Vance v. Hedrick, 659 F.2d 447 (4th Cir. 1981) ("Time bars to prosecution or trial of criminal cases, as of civil cases, are affirmative defenses which may be waived").

Next, Mr. Hammitt was not held guilty of criminal contempt for his failure to simply obey the initial order of the bankruptcy court, but for his continuous and willful disregard of numerous court orders originating both in the bankruptcy court and later in this Court. Mr. Hammitt not only failed to heed the orders of the bankruptcy court, but again failed to appear at two show cause hearings held in this Court in March and April of 2004. The Court chose to regard this series of acts as constituting but one contempt, and thus chose to institute but one punishment. See State ex. Rel. Beck v. Frontier Airlines, Inc., 116 N.W. 2d 281 (Neb. 1981) (holding that the power to punish for contempt of court is power inherent in district courts; however, "if series of acts constitutes but one contempt, there cannot be separate punishment for each successive act or day"). As such this Court was not precluded by the statute of limitations propounded in § 3285 from rendering judgment. Therefore, this claim is denied.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate (Document No. 1) is Denied and Dismissed.

**SO ORDERED**.

Signed: September 4, 2007

Graham C. Mullen
United States District Judge